UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARC DEWAYNE HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0627-CVE-FHM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff has filed a complaint (Dkt. # 1) and he requests leave to proceed in forma pauperis (Dkt. # 2). Plaintiff states that he has had at least 20 prior cases "erroneously and unconstitutionally dismissed" and he claims that this violates his constitutional rights. Dkt. # 1, at 1. He states that he "was deserving of better adjudication than [he] experienced," and he seeks more that $600 million in damages. Id. at 2.

Plaintiff seeks leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint and finds that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff claims that courts have "erroneously and unconstitutionally" dismissed his many prior cases and he seeks over $600 million in damages from the United States of America. However, the dismissal of a case is not by itself a constitutional violation, and a person has no constitutional right to proceed with a meritless case. Plaintiff's complaint is devoid of any factual allegations that could state a valid procedural due process claim, and the Court does not find that plaintiff's vague allegations concerning the dismissal of prior cases could potentially state a claim arising federal law. The Court can discern no other possible claim in plaintiff's complaint and, under § 1915(e)(2), this case should be dismissed due plaintiff's failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 21st day of November, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE